PER CURIAM.
This slip and fall case was resolved by a jury verdict in the defendant’s favor. Appeal arises from the judgment entered upon the verdict.
Gulf Beach Club, Inc., the defendant, operates in Gulf Beaches, Pinellas County, a club known as the Bath Club, with a membership of between 1,500 and 2,000. Plaintiff, who is a member, on a certain Sunday afternoon in August, 1957, went to the club accompanied by his wife and child. The main entrance fronted on Gulf Boulevard, a dirt road which was being resurfaced. The defendant had erected a wooden ramp of planking about eight feet long and three feet wide, extending from the curbing at the front entrance down to the dirt road bed. The entrance curbing at this point was eighteen to twenty inches above the road bed. The ramp was exposed to the weather, had no hand rails, no hand supports, nor any matting on the walking surface.
Plaintiff, his wife and child, arriving at the clubhouse via the main entrance, used the ramp with no difficulty. It was then dry with no debris upon it. During plaintiff’s stay, there was a heavy rain lasting about thirty or forty minutes, and mud and debris were tracked onto the ramp from the dirt road. Upon departing from the club, plaintiff chose the route by which he had entered instead of the only other one available, a circular driveway for automo *481 biles then under six or seven inches of water. He observed that there were other patrons going down the ramp ahead of him. The rain had either stopped or subsided to a light sprinkle. He related that the ramp was wet but that he saw nothing upon its floor; also that he assumed he could walk down it as any other individual would do. He stepped on the ramp and slipped and fell, injuring his knee cap; looking back, he saw a mark made by his heel or foot at the point where he had slipped. The time of his departure was about 5 :00 or 5 :30 in the afternoon. The knee which was hurt was one with which he had experienced trouble through previous injury.
 The plaintiff urges that the type ramp used for ingress egress by the club was devoid of safeguards and that, together with the conditions mentioned, it created a dangerous situation and thereby constituted negligence on the part of the club. The defendant, on the other hand, not only denies negligence but asserts contributory negligence on the part of the plaintiff. We may here note that defendant was not an insurer of the personal safety of the plaintiff arising out of the condition of the clubhouse and premises. Also, it was the duty of the plaintiff to exercise reasonable care for his own safety. See 17 Fla.Jur., Hotels, Etc., sections 24, 26, pages 23, 25.
The case was submitted to' the jury on the issues created; the jury returned a verdict for the defendant; thereafter motion for new trial was made and was denied by the court. A principal argument made before this court is that the jury’s determination is against the manifest weight of the evidence. We have carefully studied the record and cannot say that there was any error which would authorize this court to overturn the jury’s verdict and set aside the action of the trial judge.
Affirmed.
ALLEN, C. J., and KANNER and SHANNON, JJ., concur.